# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| FAMILY HEALTH PHYSICAL MEDICINE, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> PULSE8, LLC, a Maryland limited liability company, and PULSE8, INC., a Maryland corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.: 1-21-2095 <br><br> **CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff, FAMILY HEALTH PHYSICAL MEDICINE, LLC ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, PULSE8, LLC and PULSE8, INC. ("Defendants"):

## PRELIMINARY STATEMENT

1.  This case challenges Defendants' practice of sending unsolicited advertisements by facsimile.

2.  The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (collectively, "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from sending fax advertisements without the recipient's "prior express invitation or permission." The TCPA provides a private right of action and provides minimum statutory damages of $500 per violation.

3. On or about August 13, 2020, Defendants sent Plaintiff an unsolicited fax advertisement in violation of the TCPA (the "Fax"), a true and correct copy of which is attached hereto as <u>Exhibit A</u> and made a part hereof.

4. Upon information and belief, Defendants sent the Fax and other facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the TCPA.

5. The Fax describes the commercial availability or quality of Defendants' property, goods, or services, namely, Defendants' Behavioral Health Coding system, by offering a webinar to learn how to successfully document and code various mental health conditions. (Exhibit A).

6. Plaintiff alleges on information and belief that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to the advertisements sent to Plaintiff.

7. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, and cause undue wear and tear on the recipients' fax machines. Unsolicited fax advertisements require additional labor to attempt to discern the source and purpose of the unsolicited message.

8. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the Maryland Telephone Consumer Protection Act, or MD-TCPA. Plaintiff seeks to certify a class which were sent the Fax and other unsolicited fax advertisements that were sent without prior express invitation or permission and without compliant opt-out language (to the extent the affirmative defense of

"established business relationship" is alleged). Plaintiff seeks statutory damages for each violation of the TCPA and injunctive relief.

9. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event the Court determines any TCPA violations were willful or knowing.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

11. This Court has personal jurisdiction over Defendants because Defendants transact business within this judicial district, have made contacts within this judicial district, are citizens within this judicial district, and/or have committed tortious acts within this judicial district.

## PARTIES

12. Plaintiff, FAMILY HEALTH PHYSICAL MEDICINE, LLC, is an Ohio limited liability company.

13. On information and belief, Defendant, PULSE8, LLC, is a Maryland limited liability company, and Defendant, PULSE8, INC., is a Maryland corporation. Defendants' principal place of business is in Annapolis, Maryland.

14. Defendants ("Pulse8") offer a "Visualization & Reporting platform that risk-bearing entities need to master the intertwined worlds of Risk Adjustment and Quality Metrics for all government programs: ACA Commercial, Medicare Advantage, and Managed Medicaid." (www.pulse8.com, last visited 6/21/2021). The Pulse8 website further provides as follows:

> Pulse8 is the only Healthcare Analytics and Technology Company delivering complete visibility into the efficacy of your Risk Adjustment, Quality Management, and Pharmacy programs.
>
> Pulse8 seamlessly integrates our modular products to create the exact solution suite that best meets your organization's needs. Based on our innovative and powerful Illumin8 technology platform, Pulse8's uniquely pragmatic solutions deliver unprecedented visibility into the efficacy of your risk adjustment, quality management, and pharmacy programs. The Pulse8 Platform includes cutting-edge Analytics, Coding Technology, EDPS/RAPS, and EDGE Server Submission Solutions.
>
> We enable health plans and at-risk providers to achieve the greatest financial impact in the ACA Commercial, Medicare Advantage, and Medicaid markets. By combining advanced analytic methodologies with extensive health plan experience, Pulse8 has developed a suite of uniquely pragmatic solutions that are revolutionizing risk adjustment and quality.
>
> We are a compassionate team of leaders and industry experts focused on bringing our customers the best value through our advanced analytical solutions. We strive to enhance our customers' products and services by providing innovative and transformative knowledge that will increase revenues, contain costs, and help people live healthier and longer lives.

(*Id.*)

## **FACTS**

15. On or about August 13, 2020, Defendants sent the Fax to Plaintiff's ten-digit telephone number to Plaintiff's telephone facsimile machine, using a telephone facsimile machine, computer, or other device. (Exhibit A).

16. The Fax states, in part:

MONTHLY WEBINAR SERIES

Open your Mind to Behavioral Health Coding

4

Expand your knowledge by learning how to successfully document and code conditions that are due to substance abuse, major depression, schizophrenia, bipolar, and other mental health disorders."

The fax provides a link to register for Defendants' August 18 or 20 webinar… "Register Here:

https://pulse8.zoom.us  Click **Public Even List** and search by webinar title"

*See* Exhibit A.  The fax further offers a chance to win a gift card: "Complete the webinar survey for a chance to win a $25 Amazon gift card!" (*Id.*)

17. Exhibit A is an "advertisement" because it contains an offer of a "free good or service," namely the webinar entitled "Open your Mind to Behavioral Health Coding." (Ex. A).

18. Exhibit A is an "advertisement" because it contains an offer of a "free good or service," namely the webinar entitled "Open your Mind to Behavioral Health Coding," and that free good or service relates to Defendants' for-profit business.

19. Exhibit A is an "advertisement" because, on information and belief, it is a "pretext" to further advertising. Plaintiff's belief that Exhibit A is a pretext to further advertising is based on the following:

    a. A fax recipient who followed the Zoom link to register for the webinar on "Open your Mind to Behavioral Health Coding" would be directed to a webpage asking for the recipient's contact information and stating that "Information you provide when registering will be shared with the account owner and host and can be used and shared by them in accordance with their Terms and Privacy Policy."

    b. The "account owner" is "the organization hosting the meeting," which in this instance is Defendants.

    c. The "Privacy Policy" on Defendants' website, Section 6, states the following:

> We use personal data about you to improve our marketing and promotional efforts; to statistically analyze site usage; to improve our content and product offerings; and to customize our sites' content, layout and services. **We may also use your personal data to deliver information to you that, in some cases, is targeted to your interests, new services and promotions.** We believe these uses allow us to improve our site and better tailor it to meet our visitors' needs. Allscripts may combine non-personal data collected automatically (e.g., through web log data) with your previously submitted personal data.
>
> https://www.allscripts.com/legal/privacy-policy/ (emphasis added).

      d.    Thus, inviting fax recipients to register for the free webinar on "Open your Mind to Behavioral Health Coding" is a pretext for Defendants to gather "personal data" about those fax recipients that Defendants (or Allscripts) will then use "to deliver information to [the fax recipient] that, in some cases, is targeted to your interests," including "new services" and "promotions" advertising the commercial availability or quality of property, goods, or services.

20.    Exhibit A is an "advertisement" because it announces the availability of an opportunity for the fax recipient to exchange goods or services for compensation by taking a survey in exchange for a chance to win a $25 gift card, making Exhibit A "material advertising the commercial availability or quality of any property, goods, or services" under the TCPA because a fax offering the opportunity to sell is just as commercial in character as a fax offering the recipient the opportunity to buy property, goods, or services.

21.    Defendants created or made the Fax, or directed and paid a third party to do so, and the Fax was sent by or on behalf of Defendants with Defendants' knowledge and authorization.

22.    Plaintiff did not give Defendants "prior express invitation or permission" to send the Fax.

23.    On information and belief, Defendants faxed the same and other unsolicited facsimiles advertisements without first receiving the recipients' prior express invitation or

6

permission, and without the required opt-out language, *see* 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4), thereby precluding the affirmative defense of established business relationship.

24. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized fax advertisements. "Stand-alone" fax machines are left on and ready to receive the urgent communications their owners desire to receive.

25. The Fax does not display a proper opt-out notice as required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

26. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages, (3) that are the same or similar to the Fax attached to the Complaint that contain statements regarding behavioral health coding, and/or invite recipients to a webinar regarding behavioral health coding, and/or offers a chance at a reward for completing a webinar survey.

Plaintiff reserves the right to amend the class definition following class certification discovery, including the right to add additional faxes to the class definition sent during the four-year class period. Excluded from the Class are Defendants, their employees and agents, independent contractors who transmitted the fax, and members of the Judiciary. Plaintiff seeks to certify a class which includes, but is not limited to, the Fax advertisement sent to Plaintiff.

27. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

28. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a) Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

(b) Whether each Defendants meets the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(10);

(c) Whether Defendants had prior express invitation or permission to send Plaintiff and the class fax advertisements;

(d) Whether the Fax contains an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(e) Whether Defendants should be enjoined from faxing advertisements in the future;

(f) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(g) Whether the Court should award treble damages.

29. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the Fax sent by or on behalf of Defendants advertising the commercial availability or quality of Defendants' property, goods, or services during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendants have acted in the

same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

30. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):</u>  Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

31. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):</u>  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   (a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

   (b) Evidence regarding defenses or any exceptions to liability that Defendants may assert and attempt to prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

   (c) Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

   (d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

   (e) This case is inherently manageable as a class action in that:

      (i) Defendants identified persons to receive the Fax transmissions and it is believed that Defendants' and/or Defendants' agents' computers and business

records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq*.**

32. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

33. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34. The TCPA defines "telephone facsimile machine" as any "equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to

transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227(a)(3).

35. **The Fax**. Defendants sent the Fax on or about August 13, 2020. The Fax was "addressed" to the recipients,' *i.e.*, proposed class members,' ten-digit telephone fax numbers. The Fax was transmitted from a telephone facsimile machine, computer, or other device, through regular telephone lines, to the recipients' telephone facsimile machines as defined in the TCPA. *See supra* ¶ 34. The Fax constitutes an advertisement under the Act and the regulations implementing the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax, thereby precluding Defendants from sustaining the affirmative defense of established business relationship. By virtue thereof, Defendants violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class. Plaintiff seeks to certify a class which includes the Fax and all others sent during the four years prior to the filing of this case through the present.

36. Plaintiff and the proposed Class were subjected to an invasion of their privacy and their interest in seclusion in being sent the unsolicited fax advertisement, and the Fax was a nuisance. Plaintiff and the proposed Class wasted their time determining that the Fax was an unsolicited advertisement, and the costs of advertising were shifted from the Defendants to the Plaintiff and the proposed Class. Plaintiff and the proposed Class wasted money on paper and toner in the event that Fax was printed, and Defendants accessed/occupied Plaintiff and the proposed Class's telephone fax lines and telephone facsimile machines. Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

37. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this

Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to the subscribed to the ten-digit telephone numbers and telephone facsimile machines of Plaintiff and the proposed Class members other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendants are precluded from sustaining the affirmative defense of EBR due to a noncompliant or nonexistent opt-out notice). By virtue thereof, Defendants violated the TCPA and the regulations promulgated thereunder.

## COUNT II

### Maryland Annotated Code, Commercial Art. § 14-3201-3202

38. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth in this count.

39. The violations alleged above also violate the Maryland Telephone Consumer Protection Act or MD-TCPA, Maryland Annotated Code, Commercial Art. § 14-3201-3202.

40. The MD-TCPA provides for attorneys' fees and expressly states that each "prohibited practice" is to be regarded as a separate violation.

WHEREFORE, Plaintiff, FAMILY HEALTH PHYSICAL MEDICINE, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PULSE8, LLC and PULSE8, INC., jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C. That the Court award attorneys' fees as provided by the MD-TCPA;

D. That the Court enjoin Defendants from additional violations; and

E. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

FAMILY HEALTH PHYSICAL MEDICINE, LLC, individually, and as the representative of a class of similarly-situated persons

By: /s/ Stephen H. Ring
Stephen H. Ring (Bar No. 00405)
LAW OFFICES OF STEPHEN H. RING, P.C.
401 North Washington Street, Suite 500
Rockville, MD  20850
Telephone:  301-563-9249 / Fax:  301-563-9639
shr@ringlaw.us

Ryan M. Kelly *(pro hac vice to be submitted)*
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847/368-1500 / Fax:  847/368-1501
rkelly@andersonwanca.com

Matthew E. Stubbs *(pro hac vice to be submitted)*
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Telephone:  513-241-4722 / Fax:  513-786-9227
mstubbs@mojolaw.com

</div>